IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANSOME OVWIGHO, | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. H-17-2061 |
| UNIVERSITY OF TEXAS SCHOOL OF PUBLIC HEALTH, | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant University of Texas Science Health Center at Houston's ("Defendant") Motion to Dismiss and, in the Alternative, Motion for a More Definite Statement (Doc. 5). Also pending are Plaintiff's various motions and accompanying notices wherein he requests that the court order Defendant to confer a Ph.D. or find that Defendant wrongfully dismissed him from the Ph.D. program (Docs. 3, 4, 5, 7, 8, 12, 13). The court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**.

Proceeding pro se, Plaintiff filed this action on July 6, 2017, alleging that Defendant wrongfully dismissed him from its Management, Policy, and Community Health Doctoral program.[2]

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 9, Ord. Dated Sept. 14, 2017.

[2] See Doc. 1, Pl.'s Compl.

Plaintiff has filed numerous motions and notices, requesting that the court find the academic dismissal was wrongful, graduate him from the program, and award him damages.[3] On July 28, 2017, Defendant filed a motion arguing that Plaintiff's claims must be dismissed under Rule 12(b)(6).[4]

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). Federal courts are "duty-bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal." Lane v. Haliburton, 529 F.3d 548, 565 (5th Cir. 2008)(quoting Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)). Immunity under the Eleventh Amendment "operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." Union Pacific R. Co. v. La. Pub Serv. Comm'n, 662 F.3d 336, 340 (5th Cir. 2011). Therefore, the court may raise this issue sua sponte, even on appeal. Burge v. Parish of St. Tammany, 187 F.3d 452, 465-66 (5th Cir. 1999)(citing Edelman v. Jordan, 415 U.S. 651, 678 (1974); McDonald v. Board of Miss. Levee Comm'rs, 832 F.2d 901, 906 (5th Cir. 1987)); see also Laxey v. La. Bd. of Trustees, 22 F.3d 621, 622 n.1 (5th Cir. 1994).

---

[3] See, e.g., Doc. 7, Not. of Mot. to Find Def. Guilty of Wrongful Dismissal of Pl. from the Doctoral Prog. at Univ. of Tex. Health Center Houston.

[4] See Doc. 5, Def.'s Mot. to Dismiss.

The Eleventh Amendment,[5] as interpreted by case law, bars suits brought in federal court against a state by private citizens unless the state specifically waives its immunity or Congress, in enacting a particular statute, intentionally abrogates state sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Okpalobi v. Foster, 244 F.3d 405, 411 (5th Cir. 2001). Here, Plaintiff appears to bring claims for due process violations, which may only be addressed via 42 U.S.C. § ("Section") 1983. However, in enacting Section 1983, Congress did not abrogate state sovereign immunity. Will, 491 U.S. at 66 (1989); see also Richardson v. Southern Univ., 118 F.3d 450, 453 (5th Cir. 1997). "The Eleventh Amendment . . . [bars] all suits in law or equity against an unconsenting state." Laxey, 22 F.3d at 623.

As a state agency, Defendant is entitled to raise Eleventh Amendment immunity to suit. See Tex. Educ. Code §§ 65.02(a)(9), 73.001; Chhim v. Univ. of Tex. at Austin, 836 F.3d 467, 469 (5th Cir. 2016)(finding that University of Texas at Austin was a state agency entitled to sovereign immunity); Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston Dental Branch, 217 F. App'x 391, 392 (5th Cir. 2007)("It is undisputed that UTHSC, as an arm of the state, is entitled to Eleventh Amendment immunity absent Congressional abrogation or voluntary waiver."); see also Butcher

---

[5] The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

v. U.T. Health Science Center of Houston, No. H-08-CV-0244, 2008 WL 4935723, at *2 (S.D. Tex. Nov. 18, 2008)(unpublished)("The Fifth Circuit has consistently found that the University of Texas, and its health institutions, are protected by sovereign immunity."). Therefore, Defendant, as a state entity, is protected by Eleventh Amendment sovereign immunity from claims arising under Section 1983.[6] Because the court finds Plaintiff's action barred by the Eleventh Amendment, the court need not reach Defendant's alternative grounds for dismissal.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such

---

[6] To the extent that Plaintiff attempts to allege state law claims, these are also barred by sovereign immunity. Richardson v. Southern Univ., 118 F.3d 450, 453 (5th Cir. 1997)("[Plaintiff's] state law claims are against the University qua University. Accordingly, because Louisiana has not waived its sovereign immunity for suits brought in federal court, [Plaintiff's] state-law claims are also subject to the Eleventh Amendment bar.").

4

objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 13th day of December, 2017.

_____
U.S. MAGISTRATE JUDGE